IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ERICKA HOLMES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:24-CV-1135-RP |
| | § | |
| THE UNIVERSITY OF TEXAS AT AUSTIN, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Plaintiff Ericka Holmes's ("Plaintiff") Motion for Reconsideration Under Rule 59(e) or, in the Alternative, Motion for Leave to Amend Complaint. (Mot. for Reconsideration, Dkt. 27). On September 2, 2025, the Court granted Defendant University of Texas at Austin's ("UT Austin") Motion to Dismiss, dismissing each of Plaintiff's claims, (Dkt. 25), and entered Final Judgment, (Dkt. 26). Plaintiff now moves for the Court to reconsider its dismissal of her claims. UT Austin responded, (Dkt. 28), and Plaintiff replied, (30). Having considered the motion, the relevant law, and the factual record, the Court will deny the motion for reconsideration. The Court will also order Plaintiff's counsel to show cause in writing for his apparent misuse of artificial intelligence ("AI") and to appear for a show cause hearing on this topic.

**I. LEGAL STANDARD**

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). It is not the proper vehicle to "raise arguments which could, and should, have been made before the judgment issued." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Relief is also appropriate when there has been an

1

intervening change in the controlling law. *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479. The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). Motions under Rule 59(e) must be filed within 28 days of the judgment. Fed. R. Civ. P. 59(e).

## II. DISCUSSION

### A. Motion for Reconsideration

Applying the Rule 59(e) standard, the Court does not find good cause to vacate or amend its order granting UT Austin's motion to dismiss. The Court granted UT Austin's motion because (1) UT Austin has sovereign immunity against Plaintiff's Age Discrimination in Employment Act ("ADEA"), due process, and wrongful termination claims, (Dkt. 25, at 5–6); (2) Plaintiff failed to state a viable race discrimination claim under Title VII and Chapter 21 of the Texas Labor Code ("TCHRA") because she failed to allege a nearly identical comparator, (*id.* at 6–7);[1] (3) Plaintiff failed to state a viable claim for age discrimination under the TCHRA because she did not allege that she was replaced by someone younger, (*id.* at 7–8); (4) Plaintiff failed to state a viable claim for retaliation under Title VII and the TCHRA because she did not sufficiently allege that her internal complaints constituted protected activity, (*id.* at 8–9); and (5) Plaintiff failed to state a viable hostile work environment claim because her allegations did not rise to the high standard of being objectively unreasonable, (*id.* at 9–10). Finally, the Court denied Plaintiff's request for leave to amend, finding that amendment would be futile. (*Id.* at 11–12).

---

[1] More specifically, the Court found that the only comparator identified by Plaintiff was Amy Garvey ("Garvey"), Plaintiff's supervisor, and that Plaintiff and Garvey did not "work[] under nearly identical circumstances" as required by Fifth Circuit precedent. (*Id.* at 7 (citing *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009)).

2

In analyzing Plaintiff's motion for reconsideration, the Court is guided by the Rule 59(e) standard, which dictates that this "extraordinary remedy" should be used "sparingly." *Templet*, 367 F.3d at 479. Plaintiff's motion contends that the Court's "dismissal order contains clear errors of law regarding sovereign immunity scope, pleading standards, and liberal amendment policy." (Mot. for Reconsideration, Dkt. 27, at 2). She then spends approximately five pages rehashing old facts, which is not an appropriate use of a Rule 59(e) motion. *See Templet*, 367 F.3d at 478–79 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)) (holding that a Rule 59(e) motion "is not the proper vehicle for rehashing evidence"). The Court will briefly review each of Plaintiff's arguments of clear legal error.

### 1. Race Discrimination Claims

First, Plaintiff argues that the Court's dismissal of her race discrimination claim based on the absence of a nearly identical comparator was clear error under the Fifth Circuit's recent decision in *Hamilton v. Dallas County*, 4 F.4th 494 (5th Cir. 2023) (en banc). (*Id.* at 8). As UT Austin points out in their response, however, *Hamilton*'s abandonment of the Fifth Circuit's prior holdings limiting Title VII's anti-discrimination provision to "ultimate employment actions" is entirely unrelated to the requirement for a plaintiff to plead that she was treated less favorably than similarly situated members outside of the protected class. The Court's dismissal on this basis was therefore not clear error.

Second, Plaintiff argues that the Court held her to an impermissible pleading standard, because employment discrimination complaints "need not contain specific facts establishing a prima facie case," as the plaintiff need only allege facts going to the ultimate elements of the claim to survive a motion to dismiss. (*Id.* at 8–9 (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510–15 (2002)). Plaintiff is correct—and that is what the Court required. The Court did not dismiss Plaintiff's race discrimination claim for failure to submit *evidence* of a similarly situated comparator;

the Court dismissed her claims for failure to sufficiently *plead* a similarly situated comparator. The Court did not hold Plaintiff to an incorrect pleading burden.

Third, Plaintiff argues that the Court's comparator analysis "misapplies precedent" and claims that "[w]hile supervisors cannot always serve as comparators, the analysis depends on whether both shared the same ultimate decision-maker." (*Id.* at 9). She cites no case law in support of this assertion,[2] perhaps because her assertion is incorrect. Fifth Circuit precedent states:

> [A]n employee who proffers a fellow employee as a comparator [must] demonstrate that the employment actions at issue were taken "under nearly identical circumstances." The employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, **and** have essentially comparable violation histories.

*Lee*, 574 F.3d at 260 (emphasis added) (citations omitted). The use of the conjunctive "and" means that a plaintiff must plead more than a shared ultimate decision-maker. Even if Plaintiff has pleaded that she and Garvey "shared the same supervisor or had their employment status determined by the same person," she did not—and could not—plead that she and Garvey "held the same job or responsibilities."

Plaintiff also argues that Garvey can be considered a comparator under the "cat's paw theory": "The 'cat's paw theory' permits a supervisor to be a comparator when a plaintiff shows that the supervisor[,] motivated by retaliatory animus[,] influenced the actual decisionmaker to take an adverse action." (*Id.* at 11). This is an entirely incorrect statement of the law, as the cat's paw theory instead relates to a method of proving retaliatory animus when plaintiffs cannot show the decisionmaker herself harbored retaliatory animus; it is unrelated to who can be a comparator for

---

[2] She does cite—without providing a citation to a reporter, database identifier, or case number—*Lenzi v. Systemax, Inc.*, 944 F.3d 97 (2d Cir. 2019), for the proposition that "discrimination claims may proceed without traditional comparator evidence when sufficient circumstantial evidence exists." (*Id.* at 9). As pointed out by UT Austin, this is a clear mischaracterization of *Lenzi*, which instead held that Title VII plaintiffs need not establish an equal pay violation. *Id.* at 110–11.

4

the purposes of a discrimination claim. *See Zamora v. City of Houston*, 798 F.3d 326, 331 (5th Cir. 2015) (explaining the cat's paw theory of liability).

Plaintiff then argues that, by pleading that she was reassigned to tasks that non-licensed nurses were permitted to do, excluded from training, and subject to increased scrutiny not applied to non-Black employees, she has pleaded a "pattern [that] supports viable discrimination claims under multiple theories." (*Id.* at 9). Because Plaintiff makes no attempt of explaining which "multiple theories" these are, she has not shown clear legal error.

## 2. Age Discrimination Claims

Plaintiff argues that, even if her ADEA claim is barred by sovereign immunity, her age discrimination claim is viable under the TCHRA. (*Id.* at 9). She asserts that her allegations "state viable age discrimination claims under [the TCHRA] that survive the motion to dismiss regardless of federal ADEA sovereign immunity issues. The Court's narrow focus on comparator evidence ignored viable alternative theories and failed to address the independent viability of state law age discrimination claims under [the TCHRA]." (*Id.* at 10). Plaintiff's argument is entirely non-responsive to the Court's reasoning. The Court did not dismiss her TCHRA claim because of immunity or failure to allege a comparator; rather, the Court found that "Plaintiff's claim requires her to plead she was replaced by someone younger or discharged because of her age. . . . Plaintiff has done neither." (Order, Dkt. 25, at 7).

Plaintiff also contends that the Fifth Circuit has held that age discrimination claims can survive a motion to dismiss so long as the complaint has "age-specific references," even if not direct replacement evidence. Plaintiff cites "*Harris v. City of Houston* (5th Cir. 2022)." **To the best of this Court's knowledge, that case does not exist**. In fact, based on searches conducted across both Westlaw and Lexis, the Fifth Circuit does not appear to have **ever** used the phrase "age-specific

5

references." An apparently hallucinated case does not support the contention that this Court committed clear legal error.

### 3. Retaliation Claim

Plaintiff disagrees with the Court's finding that her complaints to UT Austin's Nursing Director were too vague to amount to protected activity. (*Id.* at 12–13). She argues that complaints of discrimination are protected when they alert the employer to a reasonable belief that unlawful discrimination is occurring. The Court agrees, as it applied this exact standard—and found Plaintiff had not met that standard. Plaintiff has therefore failed to show a clear error of law on this point.

Plaintiff next contends that it was clear error for the Court to refuse to consider an email that was solely attached to her response to UT Austin's motion to dismiss (and not attached to her Complaint). Case law is clear: on a motion to dismiss, the Court may only consider allegations in the complaint and materials incorporated into the complaint. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). It was not clear legal error for the Court to refuse to consider an email outside of the pleadings.

Finally, Plaintiff argues that the time elapsed between her complaints and her termination establishes causation. Because the Court has found that she failed to sufficiently plead protected activity, it did not—and does not now—reach the causation element of her retaliation claim.

### 4. Hostile Work Environment Claim

Plaintiff argues that the Court "misapplied established standards" in dismissing her hostile work environment claim. (*Id.* at 14). She then rehashes allegations that may amount to discipline and reprimands, but as the Court already found under the correct standard, are not sufficiently pleaded as having a connection to her race or age. Plaintiff fails to show a manifest error of law or fact, newly discovered evidence, or a change in the controlling law. *See Waltman*, 875 F.2d at 473; *Schiller*, 342 F.3d at 567.

**5. Leave to Amend Her Due Process Claim**

Lastly, Plaintiff argues that the Court abused its discretion in denying her leave to amend her complaint. The Court determined that it would be futile for her to add Jay Hartzell, the President of the University of Texas, as a defendant in his individual capacity for her due process claim brought under Section 1983. In explaining its reasoning, rather than specifically addressing whether adding President Hartzell in his individual capacity would be futile, the Court explained that her due process claim would be futile, regardless of the defendant. (Order, Dkt. 25, at 11–12). As previously discussed, to bring a non-futile due process claim, Plaintiff must first sufficiently allege she had a legally recognized property interest at stake. *Lollar v. Baker*, 196 F.3d 603, 607 (5th Cir. 1999). Because the procedure that Plaintiff alleges UT Austin violated, HOP 5-2420,[3] (Compl., Dkt. 1-4, at 30), explicitly states Plaintiff is an at-will employee, she does not plausibly have a property interest in her continued employment. *See Johnson v. Sw. Mississippi Reg'l Med. Ctr.*, 878 F.2d 856, 860 (5th Cir. 1989).

Plaintiff contends that, notwithstanding her being an at-will employee, the Court ignored that "discharge from public employment under circumstances that put the employee's reputation, honor or integrity at stake gives rise to a liberty interest under the Fourteenth Amendment to a procedural opportunity to clear one's name." *Rosenstein v. City of Dallas*, 876 F.2d 392, 395 (5th Cir. 1989), *opinion reinstated in part,* 901 F.2d 61 (5th Cir. 1990). She ignores, however, that to plausibly plead such a claim, she "must [plead] the following: that [s]he was discharged, that defamatory charges were made against [her] in connection with the discharge, that the charges were false, that no meaningful public hearing was conducted pre-discharge, that the charges were made public, that [s]he requested a hearing in which to clear [her] name, and that the request was denied." *Id.* at 395–

---

[3] 2 The University of Texas at Austin University Policy Office, *Policies and Procedures for Discipline and Dismissal of Employees*, HANDBOOK OF OPERATING PROCEDURES 5-2420, https://secure4.compliancebridge.com/utexas/public/getdoc.php?file=5-2420.

7

96. Along with other elements of this claim, Plaintiff never pleaded that defamatory charges were made against her or that such charges were made public. The Court therefore did not make a manifest error.

Plaintiff similarly contends that, notwithstanding her being at-will employee, "she retains independent procedural due process rights regarding the methods and procedures used in employment termination." (*Id.* at 16). She proclaims that "[t]he Supreme Court has consistently distinguished between substantive employment rights and procedural protections, holding that procedural due process applies even in situations where substantive rights may be limited." (*Id.*). Notably, Plaintiff provides **no** citations for this "consistent[]" holding by the Supreme Court, which would directly contradict holdings that are binding on this Court. *See, e.g.*, *McDonald v. City of Corinth*, 102 F.3d 152, 155 (5th Cir. 1996) (stating the rule that employees are entitled to procedural due process prior to termination *if* they have a property right in their employment). The Court will therefore not reconsider Plaintiff's request to amend, as the Court's finding that amendment would be futile was not clear error.

### B. Leave to Amend

Should the Court deny Plaintiff's motion for reconsideration, Plaintiff asks the Court to alternatively grant her leave to file an amended pleading. Though courts "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), the futility of amendment a substantial reason to deny leave to amend. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). A proposed amendment is futile if it fails to state a claim upon which relief could be granted. *Id.* at 873.

First, though Plaintiff references "proposed amendments," Plaintiff failed to attach a proposed amended pleading to her motion, which is a requirement under the Local Rules. W.D. Tex. Loc. R. 7(b) ("When a motion for leave to file a pleading, motion, or other submission is

required, an executed copy of the proposed pleading, motion, or other submission shall be filed as an exhibit to the motion for leave."). This is reason enough for the Court to deny her motion.

Second, even if the Court were to consider the arguments put forth by Plaintiff for amendment, this section of her motion is particularly disorganized and hard to follow. It is not clear what new allegations, if any, Plaintiff would now plead to make a viable claim. *See Edionwe v. Bailey*, 860 F.3d 287, 295 (5th Cir. 2017) (quoting *Gentilello v. Rege*, 627 F.3d 540, 546 (5th Cir. 2010)) ("[A] bare bones motion to amend remains futile when it 'fails to apprise the district court of the facts [a plaintiff] would plead in an amended complaint.'"). The Court will therefore deny her motion to amend.

### III. ORDER TO SHOW CAUSE

Having resolved Plaintiff's motion, the Court addresses one additional matter: Plaintiff's counsel's apparent use of generative AI in the drafting of his motion.[4] As noted in Section II, *supra*, Plaintiff's counsel cites a nonexistent case and mischaracterizes many other cases, each a hallmark of generative AI use. The motion also mischaracterizes substantive aspects of the Court's Order granting UT Austin's motion to dismiss, (Dkt. 25). Finally, the motion is written in such a manner that it is difficult to follow; certain arguments are repeated verbatim throughout the motion, and many arguments are irrelevant to the section heading they are placed under.

A district court may impose sanctions against a party under Federal Rule of Civil Procedure 11 and under its inherent authority. Rule 11 authorizes district courts to impose an "appropriate sanction" for various forms of attorney misconduct "on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed R. Civ. P. 11(c)(1). Under Rule 11, a district court may award attorney's fees sua sponte under Rule 11(c)(3) after issuing an order to show cause. *Tejero*

---

[4] The Court does not reach whether Plaintiff used generative AI in the drafting of her reply in support of her motion for reconsideration, (Dkt. 30), as the Court has already expended a significant amount of time reviewing her motion.

9

*v. Portfolio Recovery Assocs., L.L.C.*, 955 F.3d 453, 458 (5th Cir. 2020). Additionally, a federal court has the ability to sanction a party or attorney under its inherent authority. This power includes the ability to discipline attorneys who appear before it. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Under its inherent authority, a court must determine whether the party that exhibited potentially sanctionable conduct acted in bad faith. *Goldin v. Bartholow*, 166 F.3d 710, 722 (5th Cir. 1999).

The Local Rules of the Western District of Texas also give this Court authority to discipline an attorney who appears before it. Local Rule AT-7(d). Further, the Local Rules authorize this Court to refer an attorney to the District Disciplinary Committee if it has reason to believe that an attorney has engaged in conduct that violates the Texas Disciplinary Rules of Professional Conduct or if the attorney "presents an impediment to the orderly administration of justice or the integrity of the Court." Local Rule AT-7(c)(4), (6). Attorneys have a duty to present accurate information in their filings before the court. Federal Rule of Civil Procedure 11(b)(3) provides: "By presenting to the court a . . . written motion . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law" and "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(2–3). The Texas Disciplinary Rules of Professional Conduct, adopted as the standards of professional conduct of this Court, see Local Rule AT-7(a), state: "A lawyer shall not knowingly make a false statement of material fact or law to a tribunal." Tex. Disciplinary R. Prof. Conduct 3.03(a)(1).

The Court has identified numerous instances in Plaintiff's Motion for Reconsideration that, in the Court's experience, often indicate improper use of generative AI tools. The Court notes these instances as a non-exhaustive summary:

- Plaintiff cites *Harris v. City of Houston* (5th Cir. 2022) for the proposition that "age discrimination requires 'age-specific references' but not direct replacement

evidence." This case does not exist, nor does it appear the Fifth Circuit has **ever** used the phrase "age-specific references." (Mot. for Reconsideration, Dkt. 27, at 12).

- Plaintiff mischaracterizes *Hamilton v. Dallas County*, 4 F.4th 494 (5th Cir. 2023) (en banc) as being relevant to whether Plaintiff sufficiently alleged a comparator, when the opinion has no relation to that element of Plaintiff's claim. (*Id.* at 8).

- Plaintiff mischaracterizes *Lenzi v. Systemax, Inc.*, 944 F.3d 97 (2d Cir. 2019), as holding that "discrimination claims may proceed without traditional comparator evidence when sufficient circumstantial evidence exists," when it made no such holding. (*Id.* at 9).

- Page 9 of the motion provides: "Plaintiff alleges that upon Garvey's appointment, she was reassigned to 'tasks that non-licensed nurses were permitted to do,' excluded from training, and subjected to increased scrutiny not applied to non-Black employees. This pattern supports viable discrimination claims under multiple theories." (*Id.*). Notwithstanding the fact that Plaintiff fails to discuss or even name such "multiple theories," that quotation is repeated word for word on page 12 of the motion (again, without naming what these "multiple theories are"). (*Id.* at 12).

- Plaintiff asserts that the Court's Order had a "narrow focus on comparator evidence [that] ignored viable alternative theories and failed to address the independent viability of state law age discrimination claims under [the TCHRA]." (*Id.* at 10). But the Court *did* explicitly address her age discrimination claim brought under the TCHRA and dismissed it for her failure to sufficiently "plead she was replaced by someone younger or discharged because of her age"—unrelated to whether she plausibly alleged a comparator. (Order, Dkt. 25, at 7–8).

- Plaintiff writes that the Court's "dismissal of [her] Section 1983 claims based on sovereign immunity was legally erroneous given the individual capacity claims." (Mot. for Reconsideration, Dkt. 27, at 10). But the Court declined to let Plaintiff amend her complaint to add individual capacity § 1983 claims because she had failed to state a viable claim under § 1983, without reaching the matter of sovereign immunity. (Order, Dkt. 25, at 11–12).

- Plaintiff incorrectly formats multiple citations in an egregious manner, such as "*Kittle Property Group, Inc.*, 2025 WL 315523 (2025)" and "*Lenzi v. Systemax, Inc.* (2d Cir. 2019)." (Mot. for Reconsideration, Dkt. 27, at 11–12).

- Section IV(A) of Plaintiff's motion is entitled "Race Discrimination Claims Satisfy Federal Pleading Standards." (*Id.* at 8). Section IV(A)(3), underneath that heading, then inexplicably discusses Plaintiff's age discrimination claim, rather than her race discrimination claim. (*Id.* at 9).

Based on above examples, it appears to the Court that Plaintiff's counsel may have utilized generative AI not merely for legal research, but for the writing of his brief as well. And, even worse,

11

it appears he may have done so without verifying the accuracy of his legal contentions or his factual contentions regarding the Court's Order dismissing this case. *See Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) ("At the very least, the duties imposed by Rule 11 require that attorneys read, and thereby confirm the existence and validity of, the legal authorities on which they rely."). If Plaintiff's counsel did not utilize generative AI to research and write his brief, it is equally concerning that he independently generated the issues identified above and asserted the validity of those arguments to the Court. The Court will therefore order Plaintiff's counsel, Mr. Gary Bledsoe, to show cause in writing to explain whether he has violated his duties under Federal Rule of Civil Procedure 11(b) and Rule 3.03(a)(1) of the Texas Disciplinary Rules of Professional Conduct. He should also explain why he should not be subject to sanctions due to the mischaracterizations and hallucinated case citation identified above. The Court will also order Mr. Bledsoe to appear for a show cause hearing on this topic.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Reconsideration, (Dkt. 27), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's alternative motion for leave to amend, (Dkt. 27), is **DENIED**.

**IT IS FURTHER ORDERED** that, **on or before February 11, 2026**, Plaintiff's counsel, Mr. Gary Bledsoe, shall **SHOW CAUSE** in writing why he should not be subject to sanctions for the hallucinated case citation and mischaracterizations presented to the Court in Plaintiff's Motion for Reconsideration, (Dkt. 27).

**IT IS FINALLY ORDERED** that a show cause hearing is set for **Tuesday, February 17, 2026, at 2:00 p.m.** in Courtroom 4, on the Fifth Floor, United States Courthouse, 501 West Fifth Street, Austin, TX. Mr. Bledsoe and counsel for UT Austin must appear in person for this hearing.

**SIGNED** on February 4, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE